**In re Dennis George GAY, Debtor.**

**Kelly Sheehan, Plaintiff,**

v.

**Dennis George Gay, Defendant.**

**Bankruptcy No. 6:09–bk–01129–ABB.**
**Adversary. No. 6:09–ap–00728–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 9, 2009.

Debra S. Johnson, Debra S. Johnson, PA, Orlando, FL, for Plaintiff.

David Maxwell, Law Offices of David Maxwell, Orlando, FL, for Defendant.

## *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion to Dismiss Action (Doc. No. 5) filed by the Debtor Dennis George Gay ("Debtor"), requesting this adversary proceeding be dismissed, and the Response thereto (Doc. No. 9) filed by the Plaintiff Kelly Sheehan ("Plaintiff"). An evidentiary hearing was held on October 6, 2009 at which Plaintiff, the Debtor, and their respective counsel appeared. The Debtor's Motion is due to be denied for the reasons set forth herein.

The Debtor filed the above-captioned Chapter 7 case on January 31, 2009. May 11, 2009 was set as the deadline for filing complaints objecting to the Debtor's discharge and to determine the dischargeability of debts. Plaintiff timely filed a Complaint (Doc. No. 1) on April 9, 2009 requesting: (i) various obligations relating to the parties' divorce be deemed nondischargeable pursuant to 11 U.S.C. Section 523; (ii) the Debtor's discharge be denied

pursuant to 11 U.S.C. Section 727(a); and (iii) the Debtor's case be dismissed as an abusive filing pursuant to 11 U.S.C. Section 707(b). The Debtor is represented by counsel in the main case and the adversary proceeding.

Plaintiff made several errors regarding the filing and service of the Complaint. The Complaint purports to be a verified complaint, but is unsigned by Plaintiff. The Complaint contains a signature block for Plaintiff's counsel, but is unsigned by counsel. Plaintiff's counsel was required to sign the Complaint pursuant to Federal Rule of Bankruptcy Procedure 9011(a), Local Rule 9011–3, and Administrative Order FLMB–2003–4. A Notice of Deficient Filing was issued on August 19, 2009 (Doc. No. 7) requiring Plaintiff to cure the signature deficiencies within fourteen days.

Federal Rule of Bankruptcy Procedure 9011(a) provides an unsigned paper "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." The fourteen-day cure period has expired and Plaintiff has not complied with the Notice.

The Court issued a Summons on April 9, 2009 (Doc. No. 2). Plaintiff was required to serve the Complaint and Summons on the Debtor and his counsel within ten days of April 9, 2009. FED. R. BANKR.P. 7004(e), 7004(g). The Debtor's deadline to answer the Complaint was May 11, 2009 (Doc. No. 2). The thirty-day answer deadline is calculated from the date of the issuance of the summons and not from the date of service. FED. R. BANKR.P. 7012(a). A summons not served within ten days of its issuance becomes invalid and an alias summons must be obtained. FED. R. BANKR.P. 7004(e).

Plaintiff could have conducted service of the Complaint and Summons on the Debtor and his counsel by first-class mail pursuant to Federal Rule of Bankruptcy Procedure 7004(b), but engaged a private process server. The private process server served the Complaint and Summons on the Debtor at his place of work on July 10, 2009 (Debtor's Ex. No. 6). Service on the Debtor was conducted more than ten days after the issuance of the Summons and the Summons was invalid when served.

Plaintiff was required to serve the Complaint and a valid summons upon the Debtor and his counsel within 120 days of April 9, 2009, the date the Complaint was filed. FED. R. BANKR.P. 4(m) (made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7004(a)). Plaintiff has not served Debtor's counsel with the Complaint and a valid summons. Plaintiff has not obtained an alias summons. The 120–day service period has expired. The Court has discretion "to extend the time for service for an appropriate period" upon the showing of "good cause." FED. R. BANKR.P. 4(m).

The Court is authorized to strike the Complaint and dismiss this adversary proceeding, but given the serious allegations made in the Complaint and Plaintiff's counsel's apparent unfamiliarity with bankruptcy procedures, good cause exists to allow Plaintiff an opportunity to remedy the filing and service errors.

Plaintiff shall have fourteen days in which to file a signed Complaint in conformity with Federal Rule of Bankruptcy Procedure 9011(a), Local Rule Local Rule 9011–3, and Administrative Order FLMB–2003–4.

The Debtor listed 7812 Bay Cedar Drive, Orlando, Florida 32835 as his address of record. He has moved from that address and is required to file a notice of his new address. The Debtor must file and serve on Plaintiff the notice of his

current address within fourteen days of the date of entry of this Order.

The Clerk of Court shall be directed to issue an alias summons upon the Plaintiff's filing of the signed Complaint and the Debtor's filing of the notice of his new address. Plaintiff shall conduct service of the signed Complaint and alias summons on the Debtor and his counsel pursuant to the governing rules. Plaintiff shall file proofs of service. Plaintiff's failure to timely and fully comply with this Order shall result in the dismissal of this adversary proceeding. The Debtor's Motion is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that the Debtor's Motion (Doc. No. 5) is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED** and **DECREED** that the Debtor, within fourteen (14) days of the date of entry of this Order, shall file and serve on Plaintiff a notice setting forth his current address; and it is further

**ORDERED, ADJUDGED** and **DECREED** that Plaintiff, within fourteen (14) days of the date of entry of this Order, shall file a signed Complaint in conformity with Rule 9011(a), Local Rule Local Rule 9011–3, and Administrative Order FLMB–2003–4; and it is further

**ORDERED, ADJUDGED** and **DECREED** that upon Plaintiff's filing of a properly signed Complaint and the Debtor's filing of a notice of his current address, the Clerk of Court shall issue an alias summons; and it is further

**ORDERED, ADJUDGED** and **DECREED** that Plaintiff shall conduct service of the signed Complaint and alias summons upon the Debtor and his counsel pursuant to the provisions of Federal Rule of Bankruptcy Procedure 7004 and Feder-

al Rule of Civil Procedure 4. Plaintiff shall file proofs of service. Plaintiff's failure to timely and fully comply with this Order shall result in the dismissal of this adversary proceeding.